## Case No. 7,354.

### JOHN KYLE STEAMBOAT CO. v. NEW ORLEANS.

### N. U. PACKET CO. v. SAME.

[23 Int. Rev. Rec. 19; 9 Chi. Leg. News, 124.]

Circuit Court, D. Louisiana. 1876.

James H. Davidson and Hornor & Benedict, for plaintiffs.

B. F. Jonas, for defendant.

BILLINGS. District Judge (charging jury). These are actions brought against the city to recover money paid under an ordinance which the supreme court of the United States has decided was contrary to the constitution of the United States, and was therefore void and of no effect. The constitution of the United States provides, continued Judge Billings, that no state shall pass any law which imposes a tonnage tax on vessels. The object of that provision was that all matters pertaining to the levying of such duties upon vessels should be put in the power of congress. The ordinance of the city to levy the tax (which was read), remains in force practically quite a number of years. There is very little—indeed I do not know there is any—fact that you gentlemen can pass upon in this case. It is admitted by the defendants, and in fact agreed

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

to by both sides, that the amounts paid under the ordinance was in the first case $4,954, and in the second, $4,147.34, so that there is no question about the amount, and the only question is, as to what conclusion between the parties you are to arrive at upon these conceded facts. The defence or defences that are interposed here are purely questions of law, and I wish to say that in this court your duty is entirely different with regard to your view of the law from what it is in the state courts. In the state courts of Louisiana the method of review is by appeal, which takes up all the evidence. In the supreme court of the United States the method of review is by writ of error, in which case it takes up nothing but the errors in law, and it is my duty to declare to you the law as I believe it, and it is your duty to accept what the court says implicitly, and if I am wrong, the parties have a method of reviewing by bill of exceptions or writ of error. Whatever I have said to you was law, but if on the other hand, you should not take the law from the court, they would have no way of knowing that it is an error of law or fact, because the supreme court of the United States, in common law actions, do not have the facts before them, except as far as they appear from the pleadings and bills of exception, therefore I instruct you to take the law from the court.

The court is requested to charge for the defendants: (1) "That the plaintiffs cannot recover the amounts paid by them if a natural obligation had existed in favor of the city." I give you that charge, because the Code expressly says that if a party pays through error of law, money, that he shall not recover it, if there was any natural obligation for it to be paid. But while I give that charge to you, I will add to it that in this case, since the supreme court of the United States have decided that this ordinance was void, and that there was no natural obligation on the part of those plaintiffs to pay this tonnage tax, for the reason that a void law is no law. Now, if this was a case that arose under the constitution of the state of Louisiana, I should be very seriously embarrassed by a decision which the supreme court of the state of Louisiana have rendered, because they have held that where the nullity of a tax arose from its conflicting with the constitution of the state of Louisiana, that then there was a natural obligation to pay that void tax, but since this objection comes from the fact that the ordinance was in conflict with the constitution of the United States, the courts of the United States are not bound by what the state courts think as a natural obligation which arose from such void act, therefore I shall not follow the decision which the able counsel for the city called my attention to recently in the Twenty-Third Annual. There is no doubt but that the supreme court of Louisiana decided that this tax upon the insurance companies, although it was void, it not being uniform, nevertheless, the insurance companies were under a natural obligation to pay. I differ from that. This is not a case where that decision binds me. It is not any decision construed by any statute of the state, but is a decision which gives their conclusion as to what would follow in the case of void laws, and therefore I charge you that a natural obligation would support this claim, but that there is no natural obligation here. Should you find that this money was paid under this ordinance, I do not understand there is any question about that.

(2) "The plaintiffs cannot recover if they paid voluntarily, without duress or compulsion." I refuse to give you that charge. It seems to me that if any one man pays the city government money which he supposes due when it was not due, that that is just the case contemplated by the Code when it says that in case of error he may recover it back. Therefore I refuse that charge.

(3) "That all amounts paid by them over three years from the beginning of this suit, is barred by prescription." I refuse to charge that.

(4) "The allegations of the petition being that said money was collected illegally by duress and compulsion, then the whole claim is barred by the prescription of one year as a quasi offence." That is a question of law which has been given by the court. I have given the best examination that I could to it, and shall rule upon it, subject to the parties against whom my ruling is, to make his application for a new trial before me, when I will hear them very fully. It seemed to me yesterday that that objection was a valid one, that it was a quasi offence, but the more I have examined it, the more I doubt. The language of the Code is, that the action that is prescribed springing up by a quasi offence shall be an action for damages resulting from the quasi offence, and I find that this action, which is for money paid, is really an action for damages. It is in one sense an action for damages, but I very much doubt it is such an action for damages as that article of the Code contemplates. Then the pleadings here are very peculiar. The substance of this petition of the plaintiff's is for money had and received —money paid in error, but he puts in one expression, that it was paid under duress. Now, ordinarily there is no doubt of the principle that the plaintiff is bound by his own petition as far as the cause of action goes, its characteristics and consequences that flow from it; but in this case there is one pleading put in by the defendant, and that is an anomaly. I think he has pleaded, first, a general denial; and secondly, he pleads among other things that these amounts, if ever paid, were paid willingly and without duress, and then he proceeds in the same answer, to plead that the claim

of the plaintiffs is barred by prescription. Now it seems to me that holding this plea before the court, he is at least bound by the whole of it, and that if he has seen fit to put in a special plea here along with his plea of prescription, he must take both together, and he denies there was any duress; therefore I charge you that if you find this money was paid, although it was more than a year, or more than three years, I say to you that the plea of prescription, as set up in this answer, cannot be sustained, even if you could find that the money was paid more than one or three years ago. That would not discharge the defendants. I do not see, then, that you have anything to consider excepting the amounts paid and the times they were paid, because, although I do not think that the parties would be entitled to interest until judicial demand; but you will have to look and see from the admission how much is conceded here, as it was by agreement it was paid. Then it seems to me if you find that the amounts stated were paid under the allegations in these pleadings, it is your duty to find a verdict for the plaintiffs in each case for that amount, leaving the questions of law to be determined by the court. I will now add to what I have already stated to you in the third charge, and charge you that a natural obligation to pay, even where the payment was in error, would prevent a party from having the right to pay it back, but I will state to you that in this case the payment (as I understand it to be conceded), was under this ordinance, which was entirely void.

The counsel for the city asks me to leave all questions of fact to you. That is eminently proper, but do not allow yourselves to get confused by that expression, because I do not see in this case any room for difference as to what the facts are. But now I say that you have heard the evidence and admissions, and if you find as a fact that the money was paid by the agents of these steamboat companies under this ordinance which has been read to you, and which the court tells you the supreme court of the United States have decided to be void, and of no effect, and which this court declares of no effect; if you find as a fact that this money was paid under that ordinance, there was no natural obligations, and no obligation of any sort on the part of these people to pay. Therefore, if you find that this money was paid under that ordinance, they have a right to recover. There will be a necessity for two verdicts, the two cases being submitted at the same time.

*The verdicts in both cases were for plaintiffs.*